UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| RONALD G. ROSSETTI | § | |
| | § | |
| V. | § | CASE NO. 4:04CV358 |
| | § | (Judge Schneider/Judge Bush) |
| AVIS RENT-A-CAR SYSTEM, INC., | § | |
| ET AL. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Before the Court is Defendant Enterprise Rent-A-Car Company's ("ERAC") Amended Motion to Dismiss (Docket #27). After considering the motion, Plaintiff's response, and ERAC's reply, as well as arguments made by counsel at a June 21, 2005 hearing on the matter, the Court is of the opinion that ERAC's Motion to Dismiss should be denied.

Plaintiff alleges that he was injured on February 10, 2003 when he was a passenger on an ERAC shuttle bus at the Phoenix International Airport in Phoenix, Arizona. According to Plaintiff, the ERAC shuttle bus was struck from behind by a bus owned and operated by Avis Rent-A-Car System, Inc. ("Avis"). Plaintiff claims to have suffered a hernia as a result of the collision.

Plaintiff originally only brought suit against Avis, but on February 10, 2005, the day the statute of limitations was to expire, Plaintiff filed an amended complaint naming ERAC and John Doe (the unidentified driver of one of the shuttle buses) as additional Defendants. Plaintiff has recently filed yet another amended complaint naming Enterprise Leasing Company of Phoenix as a Defendant. On May 5, 2005,

1

ERAC filed its Amended Motion to Dismiss. Due to deficiencies and sharp contradictions in the evidence presented, the Court held a hearing to consider the merits of the motion on June 21, 2005.

Defendant first claims that the Court lacks subject matter jurisdiction over this case because ERAC owned neither of the cars at issue and employed neither of the drivers. Essentially, ERAC is alleging that Plaintiff lacks standing to sue. In order to establish standing, a Plaintiff must prove that: (1) he suffered an injury in fact; (2) his injury is traceable to ERAC's alleged conduct; and (3) his injury is likely to be redressed by a favorable decision of the district court. *McCall v. Dretke*, 390 F.3d 358, 361 (5th Cir. 2004). The burden to establish federal jurisdiction is on the party invoking it. *Id.*

ERAC only seems to dispute Plaintiff's ability to establish that his injury is traceable to ERAC's conduct. At the hearing, ERAC's counsel admitted that ERAC was a holding corporation and that Enterprise Leasing Company of Phoenix owned the vehicle in which Plaintiff was injured and employed the driver of that vehicle. ERAC had previously supplied Plaintiff with the same information, and Plaintiff amended his complaint accordingly. However, at the hearing, Plaintiff's counsel stated that she is hesitant to agree to dismiss ERAC at this stage of the litigation because "Enterprise" was referred to as the owner of the shuttle in the police report from the accident and ERAC was listed as the owner of the vehicle on the estimate from the collision repair shop. The Court agrees that dismissal for lack of subject matter jurisdiction is not appropriate at this time. Even if ERAC is only a holding corporation, it is not clear whether or not it exercises control over Enterprise Leasing Company of Phoenix.

Therefore, the Plaintiff has met his burden and the case should not be dismissed for lack of subject matter jurisdiction.

ERAC next argues that the case should be dismissed for lack of personal jurisdiction. Due process requires satisfaction of a two-prong test before a federal court can exercise jurisdiction: (1) the nonresident must have minimum contacts with the forum state; and (2) subjecting the nonresident to jurisdiction must be consistent with traditional notions of fair play and substantial justice. *Freudensprung v. Offshore Technical Servs., Inc.* 379 F.3d 327, 343 (5th Cir. 2004) (citations omitted). And even when the controversy does not arise out of or relate to a defendant's actions in the forum state, the Court may exercise general jurisdiction if the defendant has "continuous and systematic" contacts in the forum. *Id.*

ERAC argues both that it lacks minimum contacts with the state of Texas and that, even if it has minimum contacts, the exercise of jurisdiction would offend traditional notions of fair play and substantial justice. In support of its contentions ERAC largely relies upon the affidavit of Mark Litow, ERAC's general counsel and vice president in St. Louis, Missouri. Mr. Litow states in his affidavit that ERAC does not maintain offices in Texas or Arizona and that ERAC "does not conduct business within Texas or Arizona." While the Court has seen no evidence to suggest that the former statement is false, Plaintiff has produced sufficient evidence to contradict the latter statement. Plaintiff presented evidence that ERAC: (1) places mail-in reply cards for "Email Extras" in airports in Texas; (2) offers services in numerous Texas locations through the company website at Enterprise.com; (3) advertises that "[They]'ve got

Texas covered;" and (4) advertises employment opportunities in Texas. Furthermore, ERAC appears to be a holding corporation for a number of Texas companies, which alone would seem to require ERAC to conduct business in Texas. The Court thus finds that there is sufficient evidence to establish that ERAC has the required minimum contacts with Texas to subject it to this Court's personal jurisdiction. The Court further finds that ERAC's contacts with Texas are such that subjecting ERAC to personal jurisdiction in Texas "does not offend 'traditional notions of fair play and substantial justice.'" *see World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292 (1980) (citations omitted). The Court does not feel the need to delve into a more detailed analysis as it finds ERAC's only piece of evidence, the affidavit of Mark Litow, to be largely unreliable.

Considering the recent addition of Enterprise Leasing Company of Phoenix as a party, the Court believes it would be premature, at this juncture, to rule on ERAC's alternative request to transfer venue pursuant to Federal Rule of Civil Procedure 1404(a). However, the Court will consider such a request if it is re-urged at a later date. Likewise, ERAC is granted leave to re-urge its dismissal from this case at the summary judgment stage.

## RECOMMENDATION

Based upon the foregoing, the Court is of the opinion that Defendant ERAC's Amended Motion to Dismiss should be DENIED.

Within ten (10) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(C).

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 23rd day of June, 2005.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE